# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 17-20029

————

United States Court of Appeals
Fifth Circuit

**FILED**

January 9, 2018

Lyle W. Cayce
Clerk

STEVEN A. CALDERONE,

Plaintiff–Appellant,

versus

SONIC HOUSTON JLR, L.P.,

Defendant–Appellee.

————

Appeal from the United States District Court
for the Southern District of Texas

————

Before SMITH, BARKSDALE, and HIGGINSON, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Steven Calderone, a former employee of Sonic Houston JLR, L.P. ("Sonic"), claims he was unlawfully terminated under the Consumer Financial Protection Act ("CFPA") for reporting racial discrimination in the extension of credit. Calderone appeals an adverse summary judgment. We affirm.

## I.

Sonic, a car dealership, employed Calderone as a salesman. Calderone

alleges that Sonic refused to extend financing or sell cars to customers who were members of racial minorities. Calderone reported the discrimination to supervisors, managers, and eventually the human resources department and was allegedly terminated for those actions.

Calderone brought several claims against Sonic, only one of which, the CFPA claim, is the subject of this appeal. The CFPA, part of the Dodd-Frank Wall Street Reform and Consumer Protection Act, prohibits "covered person[s]" and "service provider[s]" from terminating or discriminating against any "covered employee" who provides information regarding a violation of federal law subject to the jurisdiction of the Consumer Financial Protection Bureau ("CFPB" or "the Bureau"). 12 U.S.C. § 5567(a).

Sonic's actions, if covered, allegedly would violate a section of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 *et seq.*, which prohibits creditors[1] from discriminating against "any applicant, with respect to any aspect of a credit transaction—on the basis of race, color, religion, national origin, sex or marital status, or age (provided the applicant has the capacity to contract)," *id.* § 1691(a)(1). The ECOA is a statute within generally the jurisdiction of the Bureau. 12 U.S.C. § 5481(12)(D).

The district court granted summary judgment to Sonic, holding that, as an automobile dealer, Sonic is excluded from the CFPB's jurisdiction by 12 U.S.C. § 5519(a). Sonic provided an affidavit from its financial director stating that it is "predominantly engaged in the sale, leasing, and servicing of motor vehicles. The dealership helps customers obtain retail credit or retail

---

[1] Though Sonic does not directly provide credit, the ECOA defines "creditor" to include those who "regularly arrange[ ] for the extension" of credit. 15 U.S.C. § 1691a(e). This could be interpreted to include automobile dealers, such as Sonic, who provide customer credit applications to lenders. *See Treadway v. Gateway Chevrolet Oldsmobile Inc.*, 362 F.3d 971, 978 (7th Cir. 2004).

No. 17-20029

leases from third-party lenders. However, the dealership does not approve (or deny) financing or provide financing or leases directly to customers."

We agree that Sonic fits under the § 5519(a) automobile dealer exclusion. This does not ultimately end the inquiry, however, as Calderone points out on appeal. But because § 5481(12) extends the dealer exclusion to the laws subject to the jurisdiction of the Bureau, we affirm.

II.

The anti-retaliatory termination provision on which Calderone sues reads as follows:

> *No* covered person or *service provider shall terminate* or in any other way discriminate against, or cause to be terminated or discriminated against, *any covered employee* or any authorized representative of covered employees *by reason of the fact that such employee* or representative, whether at the initiative of the employee or in the ordinary course of the duties of the employee (or any person acting pursuant to a request of the employee), has—*provided*, caused to be provided, or is about to provide or cause to be provided, *information to the employer*, the Bureau, or any other State, local, or Federal, government authority or law enforcement agency *relating to any violation of, or any act or omission that the employee reasonably believes to be a violation of, any provision of this title or any other provision of law that is subject to the jurisdiction of the Bureau*, or any rule, order, standard, or prohibition prescribed by the Bureau . . . .

12 U.S.C. § 5567(a)(1) (emphasis added). To determine whether Sonic unlawfully terminated Calderone, then, we must ask which provisions of law are subject to the jurisdiction of the Bureau. Those are found at 12 U.S.C. § 5481(12), which reads, "Except as otherwise specifically provided in section 5519 of this title, subtitle G or subtitle H, the term 'enumerated consumer laws' means . . . the Equal Credit Opportunity Act."

The exception noted is the automobile dealer exclusion, which provides,

Except as permitted in subsection (b), the Bureau may not exercise any

## No. 17-20029

rulemaking, supervisory, enforcement or any other authority, including any authority to order assessments, over a motor vehicle dealer that is predominantly engaged in the sale and servicing of motor vehicles, the leasing and servicing of motor vehicles, or both.

12 U.S.C. § 5519(a). The exclusion goes on to state that it does not apply to dealers that directly extend financing to consumers and that it is not meant to modify, limit, or supersede the authority of any other federal agencies related to automobile dealers. § 5519(b)–(c).

### A.

Calderone contends that Sonic is a service provider subject to the anti-retaliation provision in § 5567(a). He explains that automobile dealers that do not provide direct financing to consumers are exempt from the CFPB's regulatory and enforcement authority but are not exempt from consumer protection laws otherwise under the CFPB's jurisdiction. Under Calderone's theory, even if Sonic is excepted as an entity from the CFPB's authority, it still could be covered by § 5567(a) because that provision regards *laws* subject to the CFPB's jurisdiction, not *persons*. Because the Secretary of Labor, and not the CFPB, enforces § 5567, the CFPB's regulatory authority does not matter. §§ 5567(c), 5519(c).

Sonic uses the automobile dealer exclusion to claim that automobile dealers are exempt from § 5567(a) as an entity outside the Bureau's jurisdiction. That does not follow. Importantly, § 5519(c) expressly reserves the power of other federal agencies over automobile dealers. And it is the Department of Labor, not the CFPB, that enforces § 5567(a). Thus, nothing in § 5519(a) precludes the Department of Labor, a separate federal entity, from enforcing the anti-retaliation provision against dealers even though the CFPB could not.[2]

---

[2] Calderone also asserts that the automobile dealer exclusion does not limit the enforcement power of the CFPB. That is unavailing. Calderone interprets § 5519 to be limited

No. 17-20029

## B.

We look to the plain language and statutory structure.[3]  Section 5567(a) forbids covered persons and service providers from terminating employees who report information about violations of laws subject to the CFPB's jurisdiction. The statute enumerates these laws in § 5481 and includes the ECOA, the statute Calderone believes Sonic violated.  Given the above, we must examine § 5481(12) to decide which laws are subject to the Bureau's jurisdiction.

Though the ECOA is enumerated, *see* § 5481(12)(D), the section bears this preface:  "Except as otherwise specifically provided in section 5519 of this title . . . the term 'enumerated consumer laws' means . . . ."  Thus, the enumerated consumer laws are subject to the automobile dealer exclusion.  Just as § 5519(a) clarifies that automobile dealers are outside the Bureau's jurisdiction, § 5481(12) clarifies that the statute itself is outside the Bureau's jurisdiction as applied to those dealers.  The ECOA, as applied to automobile dealers, is therefore not a statute subject to the jurisdiction of the Bureau, which means that, as a matter of law, Sonic could not have violated § 5567(a).

## III.

Calderone contends that, even if he is mistaken in his belief about the statutory structure, as long as he reasonably believed Sonic was discriminating, his claim can survive.  Calderone centers his position on *Wallace v. Tesoro Corp.*, 796 F.3d 468 (5th Cir. 2015), to explain that the anti-retaliation provision protects an employee who "reasonably believes" conduct violates an

---

to the CFPB's general powers under Part B and not to extend to the CFPB's enforcement powers under Part E.  Though that may be so, § 5519 removes the CFPB's "enforcement or any other authority."  This is ultimately immaterial, because the CFPB does not enforce § 5567, and § 5519(c) expressly preserves the authority of other federal agencies over automobile dealers.

[3] *Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 461–62 (2002).

enumerated statute, even if it actually does not.

The present controversy is distinct from the dispute in cases such as *Wallace*, however, because the question is not whether Calderone reasonably believed some underlying statute—here the ECOA—was violated. As long as the plaintiff's belief is reasonable, he still can benefit from anti-retaliation provisions even if he makes a mistake of law or fact about the underlying discriminatory conduct. Here we instead are asking, regardless of the reasonableness of Calderone's belief about the underlying conduct, whether he is protected, as a statutory matter, by the anti-retaliatory-termination provision, § 5567(a). If that provision has no force against Sonic, Calderone's termination could not have been unlawful under § 5567(a), regardless of whether Sonic was actually discriminating. Though the CFPA's anti-retaliation provision protects an employee who tells her employer about an act that she "reasonably believes to be a violation of . . . any . . . provision of law that is subject to the jurisdiction of the Bureau," CFPA's "reasonable belief" language does not modify the Bureau's jurisdiction. Under the CFPA, a plaintiff may have a reasonable, but mistaken, belief of fact or law that a statute has been violated. But the CFPA does not permit a plaintiff's reasonable beliefs to expand the CFPB's jurisdiction.

As noted above, the ECOA, as enumerated, expressly incorporates the automobile dealer exclusion, so § 5567(a)'s protections have no bearing on Sonic. *See* 12 U.S.C. § 5481(12). The district court rightly decided that a CFPA retaliation claim cannot lie where statutory interpretation shows that the reported discrimination is not in violation of a law within the CFPB's jurisdiction. *See Murray v. UBS Sec., LLC*, 2015 WL 769586, at *5–6 (S.D.N.Y. Feb. 24, 2015).

A reasonable belief that discrimination is occurring under the ECOA

No. 17-20029

cannot extend the jurisdictional scope of the CFPA to include actors to which the statute does not apply.  Nor does the reasonableness of a plaintiff's belief matter when it comes to the operative reach of a remedy, at least insofar as the statutes at issue here are concerned.  This would allow an individual's belief to alter the scope of a remedial statute.  Section 5481 subjects the enumerated statutes to § 5519, a contrary interpretation is not reasonable, and even a reasonable belief otherwise could not extend a remedial provision beyond what Congress enacted.

The summary judgment is AFFIRMED.